IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN LOUIS MODER and I.B.E.W., LOCAL 2150 OF
THE INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS,                                                                ORDER

                                      Plaintiffs,                                                 08-cv-375-slc

    v.

THE L.E. MEYERS COMPANY, JEFFREY J. FERGUSON,
JAMES M. OGDEN, and A.B.,

                                      Defendants.

---

On April 11, 2008, plaintiff John Louis Moder filed this civil action for monetary relief in state court, asserting state law claims and joining plaintiff I.B.E.W., Local 2150 of the International Brotherhood of Electrical Workers as an involuntary plaintiff. In addition, plaintiff named a John Doe defendant, "A.B.," pursuant to state law. On July 1, 2008, defendants removed the case. In an amended complaint filed September 5, 2008, plaintiff Moder once again named A.B. as a defendant in the caption of the complaint, but identified him in the body of the complaint as Dale Whaley. Now before the court is Dale Whaley's motion to dismiss the complaint as to him for insufficient process and service pursuant to Fed. Rs. Civ. P. 12(b)(4) and 12(b)(5). In short, Whaley contends that plaintiffs failed to serve him within 120 days of filing the original complaint, as required under Fed. R. Civ. P. 4(m).

Dale Whaley's motion to dismiss will be denied as unnecessary because he is not a defendant. Undoubtedly, plaintiff Moder *intends* for Whaley to be a party: he has named A.B. in the caption of the complaint and identified A.B. as Whaley in the body of the complaint. However, the only defendants in a case are those named in the caption. Fed. R. Civ. P. 10 ("[t]he title of the complaint must name all the parties"); *Myles v. United States*, 416 F.3d 551,

552 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process"). Because Whaley is not a defendant, the complaint cannot be dismissed as to him.

Whaley's motion brings to light a bigger problem for plaintiff Moder: the time to file an amended complaint has passed, and Whaley is not a defendant. Does this mean that Whaley is off the hook? Not necessarily. Plaintiff Moder intended to sue Whaley and included allegations in his amended complaint that identify Whaley as A.B. Under these circumstances, plaintiff Moder should have an opportunity to file a second amended complaint to make the technical changes necessary to satisfy Rule 10. Plaintiff Moder will have until October 31, 2008 in which to submit a second amended complaint to replace all references to "A.B." with "Dale Whaley," including the caption.[1] If he does not, then Whaley *will* be off the hook and the fictitious defendant, A.B., will be dismissed.

I should note that, although I have denied Whaley's motion on the sole ground that he is not yet a defendant, I do not encourage him to simply refile the motion in the likely event that he is named as a defendant. It is true that generally a plaintiff must serve a defendant within 120 days of filing the *original* complaint, *Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir. 1987), or at least within 120 of removal when the case has been removed, *Randolph v. Hendry*, 50 F. Supp. 2d 572 (S.D. W. Va. 1999), regardless whether a plaintiff amends his complaint.

---

[1] The likely addition of Dale Whaley as a defendant adds another wrinkle. All of the other parties have consented to my jurisdiction (except plaintiff I.B.E.W., which, as discussed below, appears to have been mistakenly named in the amended complaint after being dismissed from the case). Unless Dale Whaley signs a consent form, I will not retain jurisdiction over this case. Given this circumstance, the court expects Dale Whaley promptly to inform the court in writing of his decision to consent or decline jurisdiction by a magistrate judge.

However, there is an exception to this rule. As to defendants named for the first time in an amended complaint, the 120 day time limit begins on the filing date of the amended complaint. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) (explaining that 120 day rule cannot be restricted to "original complaint" for newly added defendants because such a restriction would prohibit adding any new defendants after 120 days of filing suit); *Carmona v. Ross*, 376 F.3d 829, 830; *see also Del Raine v. Williford*, 32 F.3d 1024 (accepting without discussion that 120 day time limit for service started on filing date of amended complaint for defendants first named in amended complaint). Therefore, plaintiff Moder will have an opportunity to serve Whaley properly pursuant to Rule 4(m) if he decides to name him as a defendant.

One final matter requires attention: Shortly before plaintiff Moder filed his amended complaint, I granted the parties' stipulation to dismiss involuntary plaintiff I.B.E.W. Dkt. 41. In spite of this order, plaintiff Moder once again named I.B.E.W. as an involuntary plaintiff when he filed his amended complaint a few days later. *See* dkt. 43. Moder's difficulties has had properly naming Whaley as a plaintiff lead me to infer that he is not attempting to drag I.B.E.W. back into this case as an involuntary plaintiff, but instead simply left the caption as it was in the original complaint, perhaps under the mistaken impression that he could not alter the caption to an amended complaint. Of course, a plaintiff *can* change the caption when he files an amended complaint; indeed, sometimes he must in order to effectuate the intended amendments. If plaintiff does not intend to name I.B.E.W. as a party, then he should not include its name in the caption of the second amended complaint.

3

ORDER

IT IS ORDERED that:

1. Dale Whaley's motion to dismiss the complaint as to him is DENIED as unnecessary.

2. Plaintiffs may have until October 31, 2008 in which to file a second amended complaint for the limited purposes of replacing all references to "A.B." with "Dale Whaley" and removing I.B.E.W. from the caption if he chooses. If plaintiff does not file a second amended complaint by October 31, 2008, the complaint as to "A.B." shall be DISMISSED.

Entered this 27th day of October, 2008.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge