IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN LOUIS MODER,
          Plaintiff,
v.

THE L.E. MEYERS COMPANY, a/k/a LE MYERS
CO., a/d/b/a THE MYR GROUP, a/d/b/a THE L.E.
MEYERS CO SPECIAL, JEFFREY J. FERGUSON,
JAMES M. OGDEN, and DALE WHALEY,

          Defendants.

ORDER

08-cv-375-slc

---

    Plaintiff John Louis Moder brought this case in the Circuit Court of Lincoln County, Wisconsin, alleging that defendants violated several state laws when they distributed reports making allegedly false statements to the effect that he was "senile" and that he had failed to perform his job duties at defendant The L.E. Meyers Company. Defendants removed this case from state court, invoking this court's diversity jurisdiction, which requires complete diversity of citizenship and an amount in controversy of at least $75,000. 28 U.S.C. § 1332.

    Plaintiff has not objected to removal, and has stated that he agrees that there are grounds for diversity jurisdiction; however, this court has an independent obligation to insure that subject matter jurisdiction exists. Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1237 (2006). The Court of Appeals for the Seventh Circuit has reiterated the need for litigants to meticulously review the limits of federal jurisdiction to prevent the waste of federal judicial resources. Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 693 (7th Cir. 2003). The federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." Tylka v. Gerber Prods. Co., 211 F.3d 445, 447-48 (7th Cir. 2000).

The pleadings leave a doubt regarding whether diversity jurisdiction exists in this case. In particular, plaintiff alleges only the "residency" of himself and defendants Ferguson, Ogden and Whaley. For the purpose of establishing diversity jurisdiction, the court examines the citizenship, not the residency, of individual persons. An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994); see also Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). A person has only one domicile, but may have several residences. Steigleder v. McQuesten, 198 U.S. 141 (1905) (distinguishing between residency and citizenship).

For a case to be within the diversity jurisdiction of the federal courts, diversity must be complete, meaning that no plaintiff may be a citizen of the same state as any defendant. McCready v. EBay, Inc., 453 F.3d 882, 891 (7th Cir. 2006); Strawbridge v. Curtiss, 7 U.S. 267 (1806). Until the court has information regarding the citizenship of plaintiff and defendants Ferguson, Ogden and Whaley, it is impossible to decide this threshold question. (Plaintiff's complaint does allege that defendant L.E. Meyers is limited liability corporation organized under the laws of Delaware and with its principal place of business in Illinois. This is sufficient to establish the citizenship of defendant L.E. Meyers. Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 739-41 (7th Cir. 2004). In addition, the allegations make it clear that the amount in controversy exceeds $75,000.)

As the party that removed this case to federal court, defendant bears the burden of showing that federal jurisdiction exists. Chase v. Shop n' Save Warehouse Foods, Inc., 110 F.3d

424, 427 (7th Cir. 1997) (party seeking to invoke federal diversity jurisdiction bears burden of demonstrating that complete diversity and amount in controversy requirements are met). Because it would be a waste of limited judicial resources to proceed further in a case where jurisdiction may not be present, I will give defendants until November 26, 2008 in which to produce facts verifying the diversity of citizenship between them and plaintiff.

ORDER

IT IS ORDERED that defendants may have until November 26, 2008 in which to provide this court with verification of the diversity of citizenship between them and plaintiff. Failure to comply with this deadline will result in the dismissal of the case for lack of subject matter jurisdiction.

Entered this 20th day of November, 2008.

BY THE COURT:
/s/
STEPHEN L. CROCKER
Magistrate Judge